**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND / ODESSA DIVISION**

| | |
|---|---|
| **BETTY PAYNE** § | |
| § | |
| **Complainant** § | |
| § | |
| VS. § | CIVIL ACTION NO. __7:18-cv-224__ |
| § | |
| **WAL-MART STORES TEXAS, LLC** § | **JURY TRIAL DEMANDED** |
| § | |
| **Defendant** § | |

## ORIGINAL COMPLAINT

COMES NOW, Complainant Betty Payne and files this Original Complaint against Defendant, Wal-Mart Stores Texas, L.L.C. (hereinafter referred to as "Wal-Mart"), and alleges as follows:

**1.0   Introduction**

1.1   This cause of action against Wal-Mart is for its direct negligence related to the hiring, training, and supervision of its employees. It is also for Wal-Mart's negligence in failing to establish and/or enforce policies and procedures to protect customers from foreseeable and unreasonable risks of harm while they are shopping in their store. Wal-Mart's negligence proximately caused Complainant, Betty Payne to suffer serious bodily injuries on or about March 14, 2018, at Wal-Mart Store Number 608, located in Midland, Midland County, Texas.

**2.0   Parties**

2.1   Complainant, Betty Payne, is a resident of Midland, Midland County, Texas.

2.2   Defendant, Wal-Mart, is a Delaware corporation with its principal place of business in Bentonville, Arkansas, and may be served by serving its registered agent for service, C. T. Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

**3.0    Jurisdiction**

3.1    This Court has original jurisdiction of this action under 28 U.S.C. § 1332.

3.2    Defendant, Wal-Mart, is a Delaware corporation with its principal place of business in Bentonville, Arkansas, thereby creating a diversity of citizenship between Complainants and Defendant. While defendant's name, Wal-Mart Stores Texas, L. L. C., creates an assumption that it is solely a Texas entity, Wal-Mart Stores Texas, L.L.C., a Delaware limited liability company, is an indirectly, wholly-owned subsidiary of Wal-Mart stores, Inc. The sole member of Wal-Mart Stores Texas, LLC is Wal-Mart Real Estate Business Trust. The sole unit holder of Wal-Mart Real Estate Business Trust is Wal-Mart Property Co., which is a wholly owned subsidiary of Wal-Mart stores East, LP. Wal-Mart Stores East, LP, a Delaware limited partnership, of which WSE Management, LLC is the general partner, and WSE Investment, LLC is the limited partner. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC. (aka Wal-Mart Stores East, Inc.), whose parent company is Wal-Mart Stores Inc. The principal place of business of Wal-Mart Stores Texas, LLC is Bentonville, Arkansas thereby creating a diversity of citizenship between Complainants and Defendant.

3.3    The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

**4.0    Venue**

4.1    The United States District Court, Western District of Texas, Midland/Odessa Division, maintains jurisdiction over the following Texas counties: Andrews, Crane, Ector, Martin, Midland and Upton.

4.2    Venue of this suit is proper in the Western District of Texas, Midland/Odessa, because a substantial part of the events giving rise to the claim made the basis of this cause of

action occurred in Midland County, Texas, which lies in the Midland/Odessa Division of the Western District of Texas pursuant to 28 U.S.C. § 1391(b)(2).

**5.0    Facts**

5.1    On March 14, 2018, at around 8:30 a.m., Complainant, Betty Payne went to Wal-Mart Store Number 608 to shop for goods.  After completing her shopping, Mrs. Payne proceeded to the front registers to checkout.  While standing in line, unbeknownst to her, a customer and/or employee, carrying a large flat screen television, entered a nearby checkout line behind her.  Suddenly and without warning, the customer and/or employee behind her lost control of the large, difficult-to-carry box and it fell forward.  The large, difficult-to-carry box struck Mrs. Payne in her lower right leg area causing her knees to buckle.  Mrs. Payne held on to her shopping cart to keep from falling to the ground.

5.2    The Walmart Store cashier witnessed the incident and reported it to other Walmart personnel who called EMS.

5.3    Mrs. Payne suffered severe injuries as a result of the incident, including, but not limited to a deep contusion to her lower right leg area.  Mrs. Payne was transferred by EMS from Walmart to Midland Memorial Hospital.  Mrs. Payne was treated in the emergency room and then transferred by EMS to HealthSouth Rehabilitation Hospital.  Mrs. Payne was admitted and remained there until April 9, 2018, (25 days) for skin grafts, wound therapy/treatment, physical therapy, pain management and follow-up care.

5.4    Complainant's family and Complainant's counsel have made multiple attempts to obtain information from Defendant about what happened in this incident without any response.  As an example, see Exhibit A attached hereto which received no response.

**6.0　Cause of Action**

### VICARIOUS LIABLITY

6.1　Wal-Mart is vicariously liable as a matter of law, for any and all negligence of their employees, as a result of the doctrine of *respondeat superior* under Texas law.

### NEGLIGENCE

6.2　Wal-Mart is the owner of the premises, or alternatively, in possession of the premises at 4517 N. Midland Drive, Midland, Midland County, Texas and all products and merchandise therein for sale.

6.3　Mrs. Payne was an invitee on the date of the incident made the basis of this cause of action.

6.4　Mrs. Payne entered Wal-Mart's premises per Wal-Mart's knowledge and for their mutual economic benefit.

6.5　Wal-Mart has actual and constructive knowledge based on industry standards that allowing employees and/or customers to transport large, heavy, difficult-to-carry items of merchandise by hand instead secured on a shopping cart, panel cart, or dolly poses a foreseeable and unreasonable risk of harm to customers.

6.6　Wal-Mart owed a duty to its customer, Mrs. Payne, on March 14, 2018, to protect her from foreseeable and unreasonable risks of harm while she was shopping in Walmart's store.

6.6　Wal-Mart breached its duty by allowing a customer and/or employee to transport a large, difficult-to-carry flat screen television from the electronics department by hand instead of on a cart.  It is foreseeable if customers and/or employees are allowed to transport large, difficult-to-carry merchandise by hand that there is an unreasonable risk of harm that the merchandise will fall on and injure customers and/or employees.

6.7     Wal-Mart breached its duty by failing to establish policies and procedures requiring employees to ensure the use of a shopping cart, panel cart or dolly to transport large, difficult-to-carry merchandise to protect customers and employees from foreseeable and unreasonable risks of harm.

6.8     Wal-Mart breached its duty by failing to train and supervise employees to ensure that they did not allow customers and/or employees to transport large, difficult-to-carry merchandise without using a shopping cart, panel cart or dolly to protect customers and employees from foreseeable and unreasonable risks of harm.

6.9     Wal-Mart breached the duties owed to Mrs. Payne in allowing customers and/or employees to choose their own method and means of transporting a large, difficult-to-carry box containing a flat screen television without the use of a cart.

6.10    Wal-Mart's negligence proximately caused Mrs. Payne to suffer serious bodily injuries and damages as set forth herein.

**7.0    Damages**

7.1     As a result of Defendant, Wal-Mart's negligence, Complainant, Betty Payne suffered the following damages:

      a.     Medical expenses in the past;

      b.     Medical expenses, that in reasonable probability, she will suffer in the future;

      c.     Physical impairment in the past;

      d.     Physical impairment, that in reasonable probability, she will suffer in the future;

      e.     Pain and suffering in the past;

  f. Pain and suffering, that in reasonable probability, she will suffer in the future;

  g. Mental anguish in the past;

  h. Mental anguish, that in reasonable probability, she will suffer in the future;

  i. Physical disfigurement in the past; and

  j. Physical disfigurement, that in reasonable probability, she will suffer in the future.

## 8.0 Jury Trial

8.1 Complainant hereby requests a trial by jury, pursuant to the United States Constitution 7th Amendment.

## 9.0 Prayer

9.1 WHEREFORE, PREMISES CONSIDERED, Complainant respectfully requests that Defendant be served with summons and after a jury trial herein, Complainant have and recover against Defendant the following relief:

  a. Judgment against Defendant for all of Complainant's actual damages as determined by the evidence;

  b. Pre-judgment and post-judgment interest as provided by law;

  c. Costs of court as provided by law; and

  d. Such other relief to which Complainant may be entitled.

Respectfully submitted,

**ERSKINE & BLACKBURN, L.L.P.**

By:  */s/ Blake C. Erskine, Jr.*

Blake C. Erskine, Jr.
Federal Bar No. 27042
State Bar of Texas No. 00786383
Email: berskine@erskine-blackburn.com

Mark B. Blackburn
Federal Bar No. 14680
State Bar of Texas No. 02388990
Email: mblackburn@erskine-blackburn.com

Timothy Moss
State Bar of Texas No. 24070304
Email: tmoss@erskine-blackburn.com

6618 Sitio del Rio Blvd.,
Building C-101
Austin, Texas 78730
Telephone (512) 684-8900
Facsimile (512) 684-8920

AND

**THE MATHIS LAW FIRM, PLLC**

Austin R. Mathis
State Bar No. 24072224
Email: austinmathis@themathislawfirm.com

P.O. Box 3836
San Angelo, Texas 76902-3836
Telephone (325) 268-0011

2103 N Grandview Avenue
Odessa, Texas 79761
Telephone (432)-248-0876

**ATTORNEYS FOR COMPLAINANT**



**ERSKINE & BLACKBURN**
L.L.P.

Attorneys at Law
6618 Sitio Del Rio Boulevard,
Bldg. C-101
Austin, Texas 78730
Telephone (512) 684-8900
Fax (512) 684-8920
www.erskine-blackburn.com

October 18, 2018

*VIA EMAIL:* Tammy.Tiles@cmiw.com
Ms. Tammy Tiles, Case Manager - GL
Claims Management Inc.
P.O. Box 14731
Lexington, KY 40512-4731

Re:    Our Client:    Betty Payne
        Date of Incident:    March 14, 2018
        Location:    Walmart Supercenter Store #608, Midland, TX 79707

Dear Ms. Tiles:

    Allow this to document my prior attempts to obtain records regarding the above-referenced claim by contacting both Wal-Mart Risk Management and Legal Department by letter dated May 24, 2018, and you by voice-mails and emails.

    Specifically, I am seeking copies of the following records:

(1)    Video surveillance footage capturing the incident;

(2)    Video surveillance footage capturing from 1 hour before the television was picked up at a location in the store until it was taken to the checkout area;

(3)    Photographs taken after the incident;

(4)    All incident reports related to the subject incident;

(5)    All discipline actions taken in response to the subject incident;

(6)    The name and contact information for the person who dropped the merchandise on Mrs. Payne;



EXHIBIT A

(7) The name and contact information for the cashier and any other persons who witnessed the incident;

(8) All incident reports concerning injuries at Walmart Supercenter Store #608 from January 1, 2013, to the present involving large merchandise such as a flat screen television being dropped on customers and/or employees;

(9) All incident reports concerning injuries at Walmarts in Texas from January 1, 2013, to the present involving large merchandise such as a flat screen television being dropped on customers and/or employees;

(10) All policies and procedures from January 1, 2013, to the present that discuss transporting large merchandise such as flat screen televisions being being transported in the store from its display location to checkout;

(11) Any recorded or written statements given by or on behalf of Mrs. Payne; and

(12) Any documents with Mrs. Payne's signature.

Please provide us with these requested items on or before **October 31, 2018**. If there are any costs associated with this request, please let me know and we will remit payment immediately. Or, if preferred, we can send a court reporter to pick up the video and photographs, make copies, and return them to you.

If you have any questions or need any further information, please let me know. Thank you for your time and prompt attention to this matter.

Best Regards,

Blake C. Erskine, Jr.

BCE/sk

cc: Mrs. Betty Payne

2